# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Trenton Harris,

    Plaintiff,

v.

Equifax Inc. and TrustedID Inc.,

    Defendants.

Civil Action No.: _____

**COMPLAINT**

3:18cv-720-D

For this Complaint, the Plaintiff, Trenton Harris, states as follows:

## JURISDICTION

1. This action arises out of the Defendants violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 §, et seq. (the "TCPA") by negligently, knowingly, and/or willfully placing automated text messages to Plaintiff's cellular phone without consent, thereby violating the TCPA, and the invasions of the Plaintiff's personal privacy.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) & (c), because Plaintiff resides within the Northern District of Texas, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and the Defendant's regularly transact business in this District.

## PARTIES

3. The Plaintiff, Trenton Harris ("Plaintiff" or "Mr. Harris"), is an adult individual residing in Dallas, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  Defendant, Equifax Inc. ("Equifax"), is a Georgia corporation that is doing business in the State of Texas.

5.  Defendant, TrustedID Inc. ("TrustedID"), is a Delaware corporation owned by Equifax doing business in the State of Texas.

## **FACTS**

6.  Beginning in and around October, 2017, Plaintiff began to receive automated text messages from TrustedID. TrustedID is an identity theft protection service that is owned by Equifax Inc.

7.  Plaintiff was offered the free TrustedID service by Equifax after being notified that his personal information was compromised in the 2017 Equifax data breach.

8.  Plaintiff did enroll in TrustedID protection but never gave his consent for Equifax or TrustedID to text him on his cell phone with updates.

9.  At all times mentioned herein, TrustedID texted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer").

10. On October 9, 2017 at 12:18 PM, Plaintiff received a text message from phone number 650-262-0270, a number belonging to TrustedID. The message stated "TrustedID detected activity needing your attention. Login to www.trustedid.com or call 1.888.548.7878 Mo-Su, 7am-8pm CST. Reply HELP for help, STOP to cancel."

11. Plaintiff followed the instructions of the message and texted "Stop" on October 12, 2017 at 9:09 AM. Despite texting "Stop", Plaintiff continues to receive almost daily automated text messages from TrustedID.

12. Plaintiff has texted "Stop" to each and every one of the 8 Equifax/TrustedID numbers that has texted him and still continues to receive messages.

2

13. In specific, Plaintiff texted "Stop" to the following TrustedID numbers on the following occasions:

a. "Stop" was texted to TrustedID phone number 650-262-0270 on October 12, 2017 at 9:09 AM.

b. "Stop" was texted to TrustedID phone number 408-320-0093 on January 18, 2018 at 12:21 PM.

c. "Stop" was texted to TrustedID phone number 650-262-0270 again on January 22, 2018 at 5:28 PM.

d. "Stop" was texted to TrustedID phone number 408-320-0131 on January 22, 2018 at 5:29 PM.

e. "Stop" was texted to TrustedID phone number 415-967-5020 on January 22, 2018 at 5:29 PM.

f. "Stop" was texted to TrustedID phone number 415-967-5010 on January 22, 2018 at 5:28 PM.

g. "Stop" was texted to TrustedID phone number 650-262-5331 on January 22, 2018 at 5:28 PM.

h. "Stop" was texted to TrustedID phone number 650-262-5355 on January 22, 2018 at 5:29 PM.

i. "Stop" was texted to TrustedID phone number 650-262-0204 on January 22, 2018 at 5:29 PM.

14. The Plaintiff has suffered and continues to suffer from actual damages as a result of TrustedID's unlawful conduct.

15. As a direct result of the automated text messages, the Plaintiff suffered and continues to suffer from headaches, anger, emotional distress, frustration, and was totally annoyed the Defendants intrusive conduct.

16. Defendants unwanted text messages have invaded Plaintiff's privacy by interrupting Plaintiffs activities while in his home.

17. Plaintiff was also interrupted while on personal calls on his cell phone by Defendants automated text messages.

18. Further, Plaintiff's inability to get the text messages to stop, despite texting "Stop" to the 8 different TrustedID numbers on 9 separate occasions, and by sending a letter to Equifax on March 12, 2018, via USPS 9505 5103 9841 8071 1674 37 informing them of the TCPA violations, have caused Plaintiff further frustration and emotional drain.

19. The text messages also caused Plaintiff tangible harm. Defendant's texts caused Plaintiffs cell phone battery to deplete, resulting in Plaintiff recharging the battery more often and incurring unnecessary additional electricity charges.

20. In specific, the Plaintiff documented the following illegal communications from TrustedID:

    a. On October 9, 2017, TrustedID sent automated text message from phone number 650-262-0270.

    b. On November 17, 2017, TrustedID sent automated text message from phone number 408-320-0093.

    c. On November 26, 2017, TrustedID sent automated text message from phone number 650-262-0204.

d. On December 3, 2017, TrustedID sent automated text message from phone number 650-262-5355.

e. On December 7, 2017, TrustedID sent automated text message from phone number 650-262-0270.

f. On December 11, 2017, TrustedID sent automated text message from phone number 415-967-5020.

g. On December 12, 2017, TrustedID sent automated text message from phone number 415-967-5010.

h. On December 14, 2017, TrustedID sent automated text message from phone number 650-262-0270.

i. On December 16, 2017, TrustedID sent automated text message from phone number 650-262-0204.

j. On December 17, 2017, TrustedID sent automated text message from phone number 650-262-0204.

k. On December 22, 2017, TrustedID sent automated text message from phone number 650-262-5355.

l. On December 29, 2017, TrustedID sent automated text message from phone number 408-320-0131.

m. On December 31, 2017, TrustedID sent automated text message from phone number 408-320-0131.

n. On January 1, 2018, TrustedID sent automated text message from phone number 415-967-5010.

o. On January 15, 2018, TrustedID sent automated text message from phone number 650-262-5331.

p. On January 16, 2018, TrustedID sent automated text message from phone number 650-262-0270.

q. On January 18, 2018, TrustedID sent automated text message from phone number 408-320-0093.

r. On January 24, 2018, TrustedID sent automated text message from phone number 408-320-0093.

s. On January 25, 2018, TrustedID sent automated text message from phone number 408-320-0093.

t. On January 29, 2018, TrustedID sent automated text message from phone number 650-262-0270.

u. On February 1, 2018, TrustedID sent automated text message from phone number 415-967-5010.

v. On February 2, 2018, TrustedID sent automated text message from phone number 408-320-0093.

w. On February 12, 2018, TrustedID sent automated text message from phone number 650-262-0270.

x. On February 13, 2018, TrustedID sent automated text message from phone number 408-320-0093.

y. On February 13, 2018, TrustedID sent automated text message from phone number 415-967-5010.

z. On March 1, 2018, TrustedID sent automated text message from phone number 650-262-0270.

aa. On March 1, 2018, TrustedID sent another automated text message from phone number 650-262-0270.

bb. On March 3, 2018, TrustedID sent automated text message from phone number 408-320-0131.

cc. On March 11, 2018, TrustedID sent automated text message from phone number 415-967-5020.

dd. On March 16, 2018, TrustedID sent automated text message from phone number 408-320-0093.

ee. On March 17, 2018, TrustedID sent automated text message from phone number 650-262-5331.

ff. On March 21, 2018, TrustedID sent automated text message from phone number 408-320-0093.

21. Plaintiff was sent automated messages nearly every day after TrustedID had been placed on notice to stop texting his cell phone by both replying "Stop" and by sending a letter in the mail to Equifax.

### **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

22. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing practices.

23. The TCPA regulates the use of automated telephone dialing systems.

24. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)    to store or produce telephone numbers to be called, using random or sequential number generator; and

    (B)    to dial such numbers.

25. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for an emergency.

26. The courts and the Federal Communications Commission have interpreted the TCPA to include unwanted text messages within its prohibitions.

27. On July 10, 2015, the FCC released a Declaratory Ruling where it confirmed that telephone calls and text messages have the same protections under FCC rules, and that text messages are "calls" for purposes of the TCPA.

28. In the same ruling and order on July 10, 2015, the FCC issued FCC Order 15-72 where the FCC[1] stated that "a caller may not limit the manner in which revocation of prior express consent to call may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id.* at ¶ 30.

29. Further, consumers (the Plaintiff) may revoke consent through any reasonable means. *Id.* at ¶ 47.

30. Nothing in the language of the TCPA of its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id.* at ¶ 58.

---

[1] Declaratory Ruling and Order, Adopted June 18, 2015, and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

31. Some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id.* at ¶ 61.

32. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id.* at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

33. The Plaintiff received numerous unwanted automated texted messages from Defendants to his cell phone number 858-335-9276.

34. Plaintiff had enrolled in identify theft protection following the 2017 Equifax data breach but did not provide Equifax or TrustedID consent to text him on his cell phone with updates.

35. Plaintiff received first message from TrustedID phone number 650-262-0270 on October 9, 2017 at 12:18 PM stating "TrustedID detected activity needing your attention. Login to www.trustedid.com or call 1.888.548.7878 Mo-Su, 7am-8pm CST. Reply HELP for help, STOP to cancel."

36. Plaintiff texted "Stop" to TrustedID phone number 650-262-0270 on October 12, 2017 at 9:09 AM.

37. Plaintiff continues to receive messages from TrustedID after replying "Stop" to automated messages on nine separate occasions and by informing Equifax of TCPA violations on March 12, 2018 via USPS letter 9505 5103 9841 8071 1674 37.

38. It is believed that the Defendants employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

9

39. Defendants contacted Plaintiff on Plaintiff's cell phone number ending in "9276" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

40. Defendants continue to place automated text messages to the Plaintiff's cellular phone without consent using an ATDS in violation of the TCPA numerous times thereafter.

41. The Plaintiff has suffered and continues to suffer from actual damages that include headaches, anger, emotional distress, frustration, and total annoyance from Defendants intrusive conduct.

42. Defendants text messages have invaded the Plaintiffs privacy.

43. Defendants ATDS have the capacity to store or produce telephone numbers to be called and texted, using a random or sequential number generator.

44. The telephone number that Defendants used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendants text messages to Plaintiff's cellular telephone were not for "emergency purposes."

46. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that it had prior express consent to text Plaintiff's cell phone with an ATDS.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – (47 U.S.C. § 227, *et seq.*)

47. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48. At all times mentioned herein and within the last year, TrustedID texted Plaintiff on his cellphone using an ATDS or predictive dialer.

49. Defendants telephone systems have all the earmarks of an ATDS. The messages from Defendants include "TrustedID detected activity needing your attention. Login to www.trustedid.com or call 1.888.548.7878 Mo-Su, 7am-8pm CST. Reply HELP for help, STOP to cancel." Other messages have included "TrustedID has noticed a change on your credit report that may need your attention. Please log in to www.trustedid.com. Reply HELP for help, STOP to cancel."

50. Upon information and belief, Defendants predictive dialers have the capacity to store or produce telephone numbers to be called and texted, using a random or sequential number generator.

51. Plaintiff did not provide and/or revoked his consent to be contacted on his cell phone, and in fact instructed Defendants on multiple occasions by both text message and letter via USPS to stop all text messages to him and cease texting his cell phone.

52. Each of the aforementioned text messages by the Defendants constitutes a violation of the TCPA.

53. As a result of Defendants violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendants in the future.

## COUNT II

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

55. Plaintiff repeats and reallages the above paragraphs of this Complaint and incorporates them herein by reference.

56. Defendants continued to place automated text messages to Plaintiff's cell phone after being advised multiple times by Plaintiff to "stop". As such, each text message placed to Plaintiff was made knowing and/or willful violation of the TCPA.

57. Each of the aforementioned text messages by the Defendants constitutes a knowing and/or willful violation of the TCPA.

58. As a result of Defendants knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendants in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future.

2. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C)

4. Actual damages from the Defendant for all the damages including emotional distress

5. Such other and further relief that the court deems appropriate.

Date: March 26, 2018.

Respectfully submitted,

*Trenton Harris*
Trenton Harris
8516 Westfield Drive
Dallas, Texas 75243
Phone: (858) 335-9276
Email: trenttharris@yahoo.com

# CIVIL COVER SHEET

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**RECEIVED MAR 26 2018** — CLERK U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS
Trenton Harris

**DEFENDANTS**
Equifax Inc and TrustedID, Inc

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*: **3-18CV-720-D**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 47 USC 227 (TCPA)

Brief description of cause: Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

**DATE:** March 26, 2018

**SIGNATURE OF ATTORNEY OF RECORD:** Trent Harris

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____